# EXHIBIT A

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Joshua S. Boyette, Esq.
SWARTZ SWIDLER, LLC
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
856-685-7420

| | |
|---|---|
| TALYA WASHINGTON,<br><br>                 Plaintiff,<br>        v.<br><br>AMAZON.COM SERVICES LLC<br>601 Randolph Rd.<br>Somerset, NJ 08873<br><br>                 Defendant. | SUPERIOR COURT OF NEW JERSEY<br>SOMERSET COUNTY<br><br>CLASS ACTION<br><br>No:<br><br>COMPLAINT AND JURY TRIAL<br>DEMAND |

## **COMPLAINT**

Named Plaintiff Talya Washington (hereinafter referred to as "Named Plaintiff"), individually and on behalf of those similarly situated (hereinafter referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendant Amazon.com Services LLC (hereinafter referred to as "Defendant").

## **INTRODUCTION**

1.      Named Plaintiff has initiated the instant action to redress Defendant's violations of the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL"), and the common law of New Jersey ("Common Law"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiffs and those similarly situated all earned wages, including overtime wages, due to Defendant's policy and/or practice of not paying employees for all hours worked in violation of the aforementioned laws. As a result of Defendant's unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff is an adult individual whom Defendant employed in New Jersey.

4.      Defendant is a company operating in New Jersey.

5.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS
### (NJWHL)

6.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.      Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Named Plaintiff brings claims individually and on behalf of those similarly for relief to redress Defendant's violations of the NJWHL.

8.      Specifically, Named Plaintiff seeks to represent all individuals presently or formerly employed as hourly employees of Defendant at its TEB9 and/or LGA9 facilities who, during at least one workweek within the period from May 11, 2016 through the present, worked more than 40 hours when taking into account both the hours worked for which Defendant paid them and the unpaid time Defendant required her or him to be on Defendant's premises and not free to engage in their own pursuits, including but not limited to walking from the location at which he or she clocked out to the security screening area, waiting to undergo a security screening, undergoing a security screening, walking from the security screening area to the exit from Defendant's premises, walking from the entrance to Defendant's premises to the area at which he or she clocked in, waiting to clock in, and on an unpaid meal breaks (hereinafter the members of this putative class are referred to as "NJWHL Plaintiffs").

2

9.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is more than forty (40) employees.

10.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all NJWHL Plaintiffs, were subject to the same policies and practices of Defendant regarding security screenings and clocking into and out of Defendant's timekeeping.

11.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

12.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent policies and practices to the entire class and have refused to end these policies.

13.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

14.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible

standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

15.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether Defendant paid Named Plaintiff and NJWHL Plaintiffs wages for time spent waiting to undergo and/or undergoing security screenings; (2) whether Defendant paid Named Plaintiff and NJWHL Plaintiffs wages for time spent walking on Defendant's premises to or from Defendant's timekeeping system to clock into or out of the system, respectively; (3) whether time spent in mandatory security screenings was/is compensable under the NJWHL; and (4) whether time spent walking on Defendant's premises to or from Defendant's timekeeping system prior to clocking in or out of the system, respectively, was/is compensable under the NJWHL.

## **CLASS ACTION ALLEGATIONS**
### **(NJWPL and Common Law)**

16.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17.     Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Named Plaintiff brings claims individually and on behalf of those similarly for relief to redress Defendant's violations of the NJWPL and Common Law

18.     Specifically, Named Plaintiff seeks to represent all individuals presently or formerly employed as hourly employees by Defendant at its TEB9 and/or LGA9 facilities who, during at least one workweek within the period from six (6) years prior to the filing of the instant Complaint through the present, worked for Defendant and did not receive wages for all hours during which Defendant required her or him to be at their place of work, including but not limited

4

to walking from the location at which he or she clocked out to the security screening area, waiting to undergo a security screening, undergoing a security screening, walking from the security screening area to the exit from Defendant's premises, walking from the entrance to Defendant's premises to the area at which he or she clocked in, waiting to clock in (hereinafter the members of this putative class are referred to as "NJWPL Plaintiffs").

19.    The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

20.    Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all NJWPL Plaintiffs, was subject to the same policies and practices of Defendant regarding Defendant's compensation for hours worked, security screenings, clocking into and out of Defendant's timekeeping system, and meal breaks.

21.    Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

22.    Defendant has acted and refused to act on grounds that apply generally to the class, so that final injective relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent policies and practices to the entire class and has refused to end these policies.

23.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible stands of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

25.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: (1) whether Defendant failed to pay Named Plaintiff and NJWPL Plaintiffs wages for time spent waiting to undergo and/or undergoing security screenings; (2) whether Defendant paid Named Plaintiff and NJWPL Plaintiffs wages for time spent walking on Defendant's premises to or from Defendant's timekeeping system to clock into or out of the system, respectively; and (3) whether Defendant agreed to pay Named Plaintiff and NJWPL Plaintiffs for the time at issue.

## **FACTUAL BACKGROUND**

26.     The foregoing paragraphs are incorporated herein as if set forth in full.

27.     Hereinafter, NJWHL Plaintiffs and NJWPL Plaintiffs collectively are referred to as "Class Plaintiffs."

28.     From in or around January 2022 to in or around April 2024, Named Plaintiff worked for Defendant as an hourly employee.

29.     During Named Plaintiff's employment, she worked at Defendant's TEB9 and LGA9 facilities.

30.     During Named Plaintiff employment, Named Plaintiff sometimes worked more than 40 hours in a workweek and believes that the timekeeping and payroll records maintained by Defendant, which are not in Named Plaintiff's possession, will confirm that Named Plaintiff worked more than 40 hours according to Defendant's timekeeping system.

31.     Class Plaintiffs worked/work for Defendant at its TEB9 and/or LGA9 facilities.

32.     Class Plaintiffs earned/earn an hourly wage.

**Failure to Pay for Time Spent in Security Screenings**

33.     The foregoing paragraphs are incorporated herein as if set forth in full.

34.     At the beginning of each workday, Defendant required/requires Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to wait to undergo and undergo the same security screening after clocking out and before they could leave Defendant's premises.

35.     Throughout Plaintiffs' employment, Defendant required Plaintiffs to 1) walk from the point of entrance to Defendant's premises to the location where Defendant required Plaintiffs to clock in and 2) walk from the location where Defendant required Plaintiffs to clock out to the point of exit from Defendant's premises.

36.     Defendant compensated/compensates Plaintiffs only for the hours recorded in its time clock system.

7

37.     As Plaintiffs waited to undergo and underwent the security screenings and walked
to and from the locations where Defendant required them to clock into and out of its timekeeping
system off the clock, Defendant did/does not compensate Plaintiffs for the time it took Plaintiffs
to perform such activities.

**Failure to Pay for Time Spent in Security Screenings**

38.     The foregoing paragraphs are incorporated herein as if set forth in full.

39.     Defendant required Plaintiffs to take a 30-minute unpaid meal break each workday.

40.     Defendant required Plaintiffs to clock out at the beginning of their meal breaks and
clock in at the end of their meal breaks.

41.     To leave Defendant's premises during a meal break, Defendant required Plaintiffs
to go through the same security screening process as they do at the end of their shifts.

42.     Due to the mandatory security screenings, the vastness of Defendant's parking lots,
the remoteness of Defendant's facilities, and the duration of the meal breaks, Plaintiffs were unable
to leave Defendant's premises and engage in their own pursuits during meal breaks

43.     Defendant's failure to pay Named Plaintiffs and WPL Plaintiffs for time spent
performing such off-the-clock activities resulted in Defendant's failure to pay them at least one
and one-half times their regular rates for hours worked more than 40 in a workweek.

**Failure to Pay Contractually Owed Wages**

44.     The foregoing paragraphs are incorporated herein as if set forth in full.

45.     Defendant agreed to pay Plaintiffs their wages for all hours worked in exchange for
their services.

46.     Defendant violated this agreement by failing to pay for all hours worked as detailed
above.

47.     As a result of Defendant's conduct, Plaintiffs have suffered damages.

**COUNT I**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**(Failure to pay overtime wages for all hours worked more than 40)**
**(Named Plaintiff and NJWHL Plaintiffs v. Defendant)**

48.     The foregoing paragraphs are incorporated herein as if set forth in full.

49.     At all times relevant herein, Defendant has and continued to be an "employer" within the meaning of the NJWHL.

50.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and NJWHL Plaintiffs.

51.     At all times relevant herein, Named Plaintiffs and NJWHL Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWHL.

52.     Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for all hours worked more than forty hours in a workweek.

53.     Defendant's conduct in failing to pay Named Plaintiff and NJWHL Plaintiffs proper overtime compensation for all hours worked more than 40 hours in a workweek violated the NJWHL.

54.     Defendant's conduct caused Named Plaintiffs and PWL Plaintiffs to suffer damages.

**COUNT II**
**Violations of the New Jersey Wage Payment Law ("NJWPL")**
**(Failure to Pay Owed Wages)**
**(Named Plaintiff and NJWPL Plaintiffs v. Defendant)**

55.     The foregoing paragraphs are incorporated herein as if set forth in full.

56.     At all times relevant herein, Defendant has and continued to be an "employer" within the meaning of the NJWPL.

9

57.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and NJWPL Plaintiffs.

58.     At all times relevant herein, Named Plaintiffs and NJWPL Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWPL.

59.     Defendant's conduct in failing to pay Named Plaintiff and NJWPL Plaintiffs their wages for all hours worked in accordance with their agreement to do so violated the NJWPL.

60.     Defendant's conduct in failing to properly pay Named Plaintiffs and PWL Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

61.     Defendant's conduct caused Named Plaintiffs and PWL Plaintiffs to suffer damages.


**COUNT III**
**Violations of New Jersey Common Law**
**(Quantum Meruit / Unjust Enrichment)**
**(Named Plaintiffs and NJWPL Plaintiffs v. Defendant)**

62.     The foregoing paragraphs are incorporated herein as if set forth in full.

63.     Defendant failed/fails to pay Named Plaintiff and NJWPL Plaintiffs their hourly wages for non-overtime hours (*i.e.,* hours worked between 1 and 40 hours in a workweek) spent in mandatory security screenings.

64.     Named Plaintiffs and NJWPL Plaintiffs reasonably expected/expect Defendant to compensate them for time spent in mandatory security screenings.

65.     Defendant recognized/recognizes the benefits conferred upon it by Named Plaintiffs and NJWPL Plaintiffs undergoing the mandatory security screenings.

66.     Defendant accepted/accepts and retained/retains the benefits under circumstances that would render such retention inequitable.

10

67.     Defendant has thereby been unjustly enriched and Named Plaintiff and NJWPL have suffered damages.

**WHEREFORE**, Named Plaintiff, NJWHL Plaintiffs, and NJWPL Plaintiffs pray that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of state law;

B.     Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions;

C.     Named Plaintiff and NJWHL and NJWPL Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions in the amount of 200% of their actual damages;

D.     Named Plaintiff, NJWHL, and NJWPL Plaintiffs are to be awarded prejudgment interest;

E.     Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

F.     Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate;

G.     Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

_s/ Matthew D. Miller_
Matthew D. Miller, Esq.
*Plaintiffs' Counsel*

Dated: May 29, 2025

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

By:   *s/ Matthew D. Miller*
      Matthew D. Miller, Esq.

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter.  I am not aware of any other proceeding which is the subject of the instant matter.

By:   *s/ Matthew D. Miller*
      Matthew D. Miller, Esq.

## DESIGNATION OF TRIAL COUNSEL

Matthew D. Miller, Esq., of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

By:   *s/ Matthew D. Miller*
      Matthew D. Miller, Esq.

Dated: May 29, 2025



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Mathew D. Miller | (856) 685-7420  ext. | Somerset |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Swartz Swidler LLC | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 9 Tanner St. Ste 101 | Haddonfield | NJ | 08033 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Talya Washington, Plainiff | Talya Washington v. Amazon.com Services LLC |

Case Type Number (See page 3 for listing) ___509___

Are sexual abuse claims alleged? ☐ Yes ■ No

Does this case involve claims related to COVID-19? ☐ Yes ■ No

Is this a professional malpractice case? ☐ Yes ■ No
  If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
  regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ■ No
  If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? ☐ Yes ■ No

Name of defendant's primary insurance company (if known) ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ■ Yes   ☐ No
If "Yes," is that relationship:
■ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees   ■ Yes   ☐ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.
Putative class action under Rule 4:32 or, alternatively, a collective action under N.J.S.A. § 34:11-56a25. The complexity of a class/collective wage and hour lawsuit often exceeds that of a typical NJLAD/CEPA case. Accordingly Plaintiffs believe Track III is the appropriate track for this matter.

Do you or your client need any disability accommodations?   ☐ Yes   ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes   ■ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature:   /s/ Matthew D. Miller

# Civil Case Information Statement (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1
## CASE TYPES
(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

■ **Putative Class Action**        ☐ **Title 59**        ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

### SUMMONS

Attorney(s) Matthew D. Miller, Esq.

Office Address  Swartz Swidler LLC

Town, State, Zip Code  9 Tanner St. Ste 101
Haddonfield, NJ 08033

Telephone Number  856-685-7420

Attorney(s) for Plaintiff

Talya Washington

Plaintiff(s)

vs.

Amazon.com Services, LLC

Defendant(s)

# Superior Court of New Jersey

Somerset  County

LAW  Division

Docket No:

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Clerk of the Superior Court

DATED:  05/29/2025

Name of Defendant to Be Served:  Amazon.com Services LLC

Address of Defendant to Be Served:  601 Randolph Rd. Somerset NJ 08873

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: SOMERSET | Civil Part Docket# L-000800-25

**Case Caption:** WASHINGTON TALYA  VS AMAZON.COM
SERVICES  LLC

**Case Initiation Date:** 05/29/2025

**Attorney Name:** MATTHEW DENNIS MILLER

**Firm Name:** SWARTZ SWIDLER, LLC

**Address:** 9 TANNER ST STE 101

HADDONFIELD NJ 08033

**Phone:** 8562833525

**Name of Party:** PLAINTIFF : WASHINGTON, TALYA

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** MID-L-3246-25

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: TALYA WASHINGTON?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**
The complexity of a class/collective action exceeds that of LAD or CEPA case. Accordingly, Track III is the
appropriate track.

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/29/2025
Dated

/s/ MATTHEW DENNIS MILLER
Signed